UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.R., a minor, by and through his Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER DAVIS HOSPITAL, et al.,<br><br>Defendants. | No.  2:14-cv-2053 WBS CKD<br><br><br>ORDER |

Plaintiff's motion for sanctions came on regularly for hearing on December 7, 2016. Linda Rice appeared telephonically for plaintiff.  Kat Todd appeared for defendants Sutter Medical Group and Susan Maayah.  No appearance was made for defendant Sutter Davis Hospital.  Gregory Broderick appeared for cross defendant United States of America.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff moves for sanctions against defendants Sutter Medical Group and Susan Maayah and their counsel on the ground that defendants in their initial disclosure did not disclose all of the insurance coverage available to cover the claims in this action.  With respect to insurance documents, Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires the parties to provide "(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance

1

business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."[1]  Pursuant to Rule 26(g)(1), a party or attorney of record must sign each disclosure, certifying that the disclosure is complete and correct at the time it is made.  Rule 26(g)(3) provides, "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."

The court finds that defense counsel Todd knowingly and willfully, without substantial justification, failed to make a complete initial disclosure with respect to the amount of insurance coverage available to defendants in this action.  Sanctions for such conduct will therefore be awarded against defense counsel that will be payable to the court.  In addition, the court finds that an award of expenses incurred by plaintiff's counsel in bringing this matter to the attention of the court is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for sanctions (ECF No. 38) is granted.  Within seven days, defense counsel Kat Todd shall pay $900.00 in sanctions, payable to the United States District Court, Eastern District of California.

2. Reasonable expenses in the amount of $4,162.50 incurred in connection with the motion are awarded to plaintiff against defendants Sutter Medical Group and Susan Maayah and their counsel, payable within seven days.

Dated:  December 8, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 er2053.oah

---

[1] The court notes that defense counsel's suggestion that in the future she would simply indicate that defendant has insurance coverage in excess of the claims made in the case does not comply with the requirements of Rule 26.

2