UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| E.R., a minor, by and through his Guardian ad Litem, CAROLYN YOUNG,<br><br>             Plaintiff,<br><br>      v.<br><br>SUTTER DAVIS HOSPITAL; SUTTER WEST WOMEN'S HEALTH; SUSAN MAAYAH, M.D.;<br><br>             Defendants. | CIV. NO. 2:14-2053 WBS CKD<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |
| AND RELATED THIRD-PARTY CLAIMS. | |

----oo0oo----

This medical malpractice action was removed to federal court by the United States on September 4, 2014, pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 1442(a)(1). (Docket No. 1.) Removal was proper because defendant Sutter Davis Hospital ("Sutter Davis") filed a third-party complaint alleging damages resulting from the performance of medical functions by third-

1

1  party defendants Salud Clinic, Amelia Bauermann, and Tamara
2  Johnson, who are deemed employees of the Public Health Service
3  under the Federally Supported Health Centers Assistance Act, 42
4  U.S.C. § 233(c).[1]  Thus, the court previously held, and the
5  parties have agreed, that jurisdiction was predicated upon
6  federal question jurisdiction, 28 U.S.C. § 1331, and the Federal
7  Tort Claims Act, 42 U.S.C. § 233.  (See, e.g., Docket No. 23
8  (Joint Status Report); Docket No. 25 (Scheduling Order).)  The
9  court granted summary judgment for the United States on December
10 13, 2016, and thus the United States is no longer a party in this
11 case.

12         Plaintiff now moves to remand the case to state court,
13 arguing that because the United States is no longer a party, this
14 court has no subject matter jurisdiction.  Such contention
15 ignores the court's discretion to exercise supplemental
16 jurisdiction over plaintiff's state law claim under 28 U.S.C. §
17 1367(a).

18         Because the court dismissed the claims against the
19 United States, it no longer has original jurisdiction over this
20 action.  However, federal courts have "supplemental jurisdiction
21 over all other claims that are so related to claims in the action
22 within such original jurisdiction that they form part of the same
23 case or controversy under Article III of the United States
24 Constitution."  28 U.S.C. § 1367(a).  Here, Sutter Davis's third-
25 party claims for indemnity and contribution against the United

---

[1] The United States was substituted as cross-defendant in place of Salud Clinic, Amelia Bauermann, and Tamara Johnson pursuant to 42 U.S.C. § 233(c).  (Notice of Removal (Docket No. 1-6).)

1  States were clearly related to plaintiff's state claim against
2  defendants Sutter Davis, Sutter West Women's Health, and Dr.
3  Susan Maayah such that they formed part of the same case or
4  controversy under Article III.  Accordingly, the court has
5  supplemental jurisdiction over plaintiff's state claim.  See
6  Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931,
7  936–38 (9th Cir. 2003) (where state complaint was removed based
8  on federal question jurisdiction, the district court's
9  supplemental jurisdiction was not destroyed by dismissal of the
10 federal claim).

11       A district court "may decline to exercise supplemental
12 jurisdiction . . . [if] the district court has dismissed all
13 claims over which it has original jurisdiction."  28 U.S.C. §
14 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999,
15 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district
16 court may decide sua sponte to decline to exercise supplemental
17 jurisdiction).  The Supreme Court has stated that "in the usual
18 case in which all federal-law claims are eliminated before trial,
19 the balance of factors to be considered under the pendent
20 jurisdiction doctrine—judicial economy, convenience, fairness,
21 and comity—will point toward declining to exercise jurisdiction
22 over the remaining state-law claims."  Carnegie-Mellon Univ. v.
23 Cohill, 484 U.S. 343, 350 n.7 (1988).

24       Here, although comity may weigh in favor of declining
25 to exercise supplemental jurisdiction, fairness weighs equally
26 toward both fora as the state and federal courts are equally
27 convenient for the parties and there is no reason to doubt that a
28 state court would provide an equally fair adjudication of the

3

issues.  However, the other pendent jurisdiction factors weigh heavily in favor of this court continuing to exercise jurisdiction over plaintiff's claim.

        This case has been pending before the court for more than two years and has been subject to extensive litigation, including three dispositive motion hearings resulting in written opinions on both a motion to dismiss and a motion for summary judgment.[2]  The court recognizes that these motions specifically pertained to Sutter Davis's third-party complaint.  Nevertheless, all parties participated in those hearings, and the court has gained a strong familiarity with the facts of this case through those hearings and motions.[3]  Moreover, this case is almost to its conclusion, with the discovery deadline having passed, the pretrial conference coming up later this month, and trial set for two months from now.

        The court also notes that this trial date was set almost two years ago.  Thus, judicial economy and convenience weigh strongly in favor of exercising supplemental jurisdiction.  Accordingly, the court will continue to exercise supplemental jurisdiction and will deny plaintiff's motion to remand.

        IT IS THEREFORE ORDERED that plaintiff E.R.'s motion to

---

[2] The assigned magistrate judge also held a hearing on and issued a written opinion on plaintiff's motion for sanctions against Sutter Medical Group, Susan Maayah, M.D., and their attorneys.

[3] This court also presided over the related case Lara v. Sutter Davis Hospital, Civ. No. 1:12-2407-WBS-CKD, which was filed by plaintiff's mother and was litigated for a year and a half before being voluntarily dismissed after the parties' settlement.

1 | remand be, and the same hereby is, DENIED.

2 | Dated: January 13, 2017

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE