UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| E.R., a minor, by and through his Guardian ad Litem, CAROLYN YOUNG,<br><br>    Plaintiff,<br><br>   v.<br><br>SUTTER DAVIS HOSPITAL; SUTTER WEST WOMEN'S HEALTH; SUSAN MAAYAH, M.D.;<br><br>    Defendants. | CIV. NO. 2:14-2053 WBS CKD<br><br>ORDER |
| AND RELATED THIRD-PARTY CLAIMS. | |

----oo0oo----

Before the court is plaintiff's Motion in Limine No. 2: to Exclude Testimony about Collateral Sources to Reduce Future Medical Expenses. (Docket No. 88.) Under California's "collateral source" rule, "if an injured party received some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the

1

damages which the plaintiff would otherwise collect from the tortfeasor." Hernandez v. Cal. Hosp. Med. Ctr., 78 Cal. App. 4th 498, 504-05 (2d Dist. 2000). However, California's Medical Injury Compensation Reform Act of 1975, commonly known as "MICRA," modifies the collateral source rule with regard to medical malpractice cases. This section provides:

> (a) In the event the defendant so elects, in an action for personal injury against a health care provider based upon professional negligence, he may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the personal injury pursuant to the United States Social Security Act, any state or federal income disability or worker's compensation act, any health, sickness or income-disability insurance, accident insurance that provides health benefits or income-disability coverage, and any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the cost of medical, hospital, dental, or other health care services. Where the defendant elects to introduce such evidence, the plaintiff may introduce evidence of any amount which the plaintiff has paid or contributed to secure his right to any insurance benefits concerning which the defendant has introduced evidence.
>
> (b) No source of collateral benefits introduced pursuant to subdivision (a) shall recover any amount against the plaintiff nor shall it be subrogated to the rights of the plaintiff against a defendant.

Cal. Gov't Code § 3333.1.

As explained by the California Court of Appeal in Hernandez, section 3333.1 was intended to reduce the cost of medical malpractice insurance by allowing evidence of collateral sources including health insurance, under the assumption that the jury would take in account such benefits and reduce any damages award. 78 Cal. App. 4th at 505-06 (quoting Barme v. Wood, 37 Cal. 3d 174, 179 (1984)). "[S]ection 3333.1 does not preclude recovery of such damages; rather, it allows the jury to decide

2

how to apply the evidence in calculation of damages." Id. at 506.

However, payments made through the California Medical Assistance Program ("Medi-Cal") "fall outside the scope of Civil Code section 3333.1." Id. Thus, while private insurers are barred from recovering any amount against the plaintiff under section 3333.1(b), the Medi-Cal program may seek recovery of Medi-Cal payments "against either the successful plaintiff through the Medi-Cal lien procedure or in a direct action against the third party tortfeasor." Id.; see also Brown v. Stewart, 129 Cal. App. 3d 331, 341 (3d Dist. 1982).

If section 3333.1 does not apply to payments made through Medi-Cal, then MICRA's exception to the collateral source rule for medical malpractice cases is inapplicable and does not allow evidence of future Medi-Cal payments made on behalf of the plaintiff. Such interpretation prevents a "double deduction" from a plaintiff's damages award, first by the jury due to evidence of future Medi-Cal payments, and then by the Medi-Cal program as it seeks to recover payments made on behalf of the plaintiff in the future.

Accordingly, plaintiff's motion in limine will be granted with respect to evidence regarding future Medi-Cal benefits.

However, defendants are not categorically barred from introducing future benefits receivable under the Affordable Care Act, by which plaintiff may receive benefits from private insurance, although such insurance in some cases may be subsidized by the federal government. See Brewington v. United

1  States, Case No. CV 13-07672-DMG(CWx), 2015 WL 4511296, at *5-6
2  (C.D. Cal. July 24, 2015) (admitting evidence of Affordable Care
3  Act coverage as a collateral source of future medical care
4  expenses).  Notwithstanding plaintiff's objection, section 3333.1
5  allows evidence both of past payments and future payments.
6  Indeed, section 3333.1(a)'s allowance of evidence of any amount
7  "payable as a benefit" encompasses both past and future medical
8  costs.  See Barme v. Wood, 37 Cal. 3d 174, 177-78 (1984); Fein v.
9  Permanente Med. Grp., 38 Cal. 3d 137, 164-65 (1985). Accordingly,
10 plaintiff's motion in limine will be denied with respect to
11 evidence of future benefits under the Affordable Care Act.
12          IT IS THEREFORE ORDERED that plaintiff's motion in
13 limine is GRANTED IN PART.  Any evidence regarding E.R.'s future
14 benefits under Medi-Cal is hereby excluded.
15 Dated:  March 28, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4